**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

POSTEL INDUSTRIES, INC., )
)
    Plaintiff, )   C. A. NO. 6:11-cv-01179-JA-DAB
)
vs. )
)
ABRAMS GROUP CONSTRUCTION, L.L.C. )
)
    Defendant. )
_____/

## PLAINTIFF/COUNTER-DEFENDANT'S THIRD-PARTY COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Plaintiff, POSTEL INDUSTRIES, INC. ("Plaintiff," "Counter-Defendant," "Third-Party Plaintiff" or "Postel") files this its Plaintiff's Third-Party Complaint complaining of Third-Party Defendants, ROGERS, LOVELOCK & FRITZ, INC. ("RLF"), ELLERBE BECKET, INC. ("Ellerbe"), RLF/ELLERBE BECKET JOINT VENTURE ("RLF/Ellerbe Becket Joint Venture") and PARSONS CORPORATION ("Parsons") (collectively "Third-Party Defendants" or individually as "Third-Party Defendant"), in the above entitled and numbered and for cause of action would respectfully show the Court as follows:

**I.
PARTIES**

    1.    Plaintiff/Counter-Defendant, POSTEL INDUSTRIES, INC., is a for-profit corporation organized under the laws of the State of Texas.

    2.    Defendant, ABRAMS GROUP CONSTRUCTION, L.L.C. ("Abrams Group" or "Defendant"), is a Florida limited liability company with its principal place of business located in Santa Rosa County, Florida. Abrams Group has appeared and answered herein.

3.      Third-Party Defendant, ROGERS, LOVELOCK & FRITZ, INC., is a Florida corporation with its principal place of business located in Orange County, Florida. Service may be obtained by serving Third-Party Defendant, ROGERS, LOVELOCK & FRITZ, INC.'S Registered Agent, Steven M. Hingtgen, at 145 Lincoln Avenue, Winter Park, Florida 32789.

4.      Third-Party Defendant, ELLERBE BECKET, INC., is a Delaware corporation registered to conduct business in the State of Florida.  Service may be obtained by serving Third-Party Defendant, ELLERBE BECKET, INC.'S Registered Agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

5.      Third-Party Defendant, RLF/ELLERBE BECKET JOINT VENTURE, is believed to be a Florida Joint Venture with its principal place of business located in Orange County, Florida. Service may be obtained by serving Third-Party Defendant, RLF/ELLERBE BECKET JOINT VENTURE 's Registered Agent, Steven M. Hingtgen, at 145 Lincoln Avenue, Winter Park, Florida 32789.

6.      Third-Party Defendant, PARSONS CORPORATION, is a foreign corporation engaged in construction management business, design and engineering with its principal place of business located at 100 W. Walnut Street, Pasadena California 91124.  Service may be obtained by serving PARSONS CORPORATION'S Registered Agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## II.
## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1331, and the Miller Act, 40 U.S.C. § 3131, *et. seq.*

8.      Venue is proper in this district pursuant to 40 U.S.C. § 3133(b)(3)(B) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III.
## FACTUAL BACKGROUND

9.      Based on information and belief, the United States Department of Veteran Affairs ("VA") contracted with RLF/Ellerbe Becket Joint Venture to design and engineer plans and specifications to construct a new veterans facility commonly known as Hospital, Clinic and Atrium, Package 4 VA Medical Center, 13800 Veterans Way, Orlando, Florida 32827 ("Project").

10.      Based on information and belief, the United States Department of Veteran Affairs ("VA") contracted with Parsons to render advice and assist in the design and engineering plans and specifications for the Project.

11.      The VA contracted with Brasfield & Gorrie, L.L.C. ("Brasfield") to serve as the general contractor. Thereafter, Brasfield contracted with Postel for purposes of providing fabricated steel and erection of steel related to the Project.

12.      Thereafter, Postel contracted with Mosley Building Systems, Inc. ("Mosley") to supply and install certain steel related to the Project.

13.      Based on information and belief, Moseley entered into a contract with Abrams Group wherein Abrams Group was to provide labor and materials for the Project.  Abrams Group has now sued Postel as a result of the VA's failure to approve and fund change orders resulting from faulty design plans and specifications produced by Third-Party Defendants.

## IV.
## CAUSES OF ACTION

### Count 1 - Negligence

14.      The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length.

3

15.     To the extent Postel is found to be liable to Abrams Group, The Third-Party Defendants are liable to Postel for all of Abrams Group's claims against Postel for their failure to supply adequate design plans and specifications for the Project.

### Count 2 - Negligent Misrepresentation

16.     The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length.

17.     In addition to the foregoing, or in the alternative, Postel will show the jury, Third-Party Defendants made numerous negligent misrepresentations to Postel and such negligent misrepresentations proximately caused damages to Postel.  In this regard, Postel will demonstrate that Third-Party Defendants made inaccurate representations in the course of the bid package, bid process, design, specifications, construction of the Project and processing of requests for information.  The aforementioned representations supplied false information for the guidance of Postel. Third-Party Defendants did not exercise reasonable care in obtaining, communicating and/or disseminating such information to Postel and such negligence was the proximate cause of the damages alleged by Abrams Group against Postel in this lawsuit.

### Count 3 - Breach of Duty to Supply Adequate Plans and Specifications

18.     The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length.

19.     In addition to the foregoing or in the alternative, Postel will show the jury, Third-Party Defendants failed to provide adequate plans and specifications for use on the Project.  As such, Third-Party Defendants have failed in their duty to supply adequate plans and specifications for the use of the subcontractors related to the Project.  As a result, Postel has been damaged in an amount equal to the alleged claims by Abrams Group against Postel in this lawsuit.

4

## V.
## CONDITIONS PRECEDENT

20.     Postel specifically pleads that all conditions precedent have occurred or have been performed in order for Postel to maintain this lawsuit.

## VI.
## JURY REQUEST

21.     Third-Party Plaintiff requests a trial by jury.

## VII.
## PRAYER

WHEREFORE, Plaintiff, POSTEL INDUSTRIES, INC., respectfully urges this Court to cite ROGERS, LOVELOCK & FRITZ, INC., ELLERBE BECKET, INC., RLF/ELLERBE BECKET JOINT VENTURE and PARSONS CORPORATION to appear and answer herein, and upon a final trial, the Court grant judgment of and against the Third-Party Defendants, as follows:

(a)     Actual damages awarded to Abrams Group against Postel;

(b)     Pre-judgment and post-judgment interest;

(c)     Costs of Court; and

(d)     For such other and further relief, both general and special, at law or in equity, to which Postel may show itself to be justly entitled.

Respectfully submitted,

**BRYANT MILLER OLIVE, P.A.**

/s/ Clayton D. Simmons, Esq.
CLAYTON D. SIMMONS
ATTORNEY-IN-CHARGE
Florida State Bar ID No. 319325
135 West Central Boulevard, Suite 700
Orlando, Florida 32801-2437
Phone: (407) 426-7001
Fax:    (407) 426-7262

**ATTORNEY FOR PLAINTIFF,
POSTEL INDUSTRIES, INC.**

5

**OF COUNSEL:**

**Bryant Miller Olive**
135 West Central Boulevard, Suite 700
Orlando, Florida 32801-2437
Phone: (407) 426-7001
Fax:     (407) 426-7262

STEVE  M. WILLIARD
Texas State Bar No. 00788684
The Williard Law Firm, L.P.
1920 N. Memorial Way, Suite 207
Houston, Texas  77007
Phone: (713) 529-6300
Fax:     (713) 529-6315

Dated September 23, 2011

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of September, 2011, a true and correct copy of the foregoing Plaintiff's Third-Party Complaint been served upon the parties eligible to receive service through the Clerk's Office ECF facilities by electronic mail and was also mailed via certified mail/return receipt requested to any pro se parties.

/s/ Clayton D. Simmons, Esq.
Clayton D. Simmons

F:\Files\Postel\Abrams Group Lit\14b Plaintiff's Third-Party Complaint.wpd