UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| POSTEL INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. NO. 6:11-cv-01179-JA-DAB |
| | ) | |
| vs. | ) | |
| | ) | |
| ABRAMS GROUP CONSTRUCTION, L.L.C., | ) | |
| ROGERS, LOVELOCK & FRITZ, INC., a Florida | ) | |
| corporation, ELLERBE BECKET, INC., a | ) | |
| Delaware corporation, RLF/ELLERBE BECKET | ) | |
| JOINT VENTURE, a Florida Joint Venture, and | ) | |
| PARSONS INFRASTRUCTURE & | ) | |
| TECHNOLOGY GROUP, INC., a Nevada | ) | |
| corporation, | ) | |
| | | |
| Defendant. | | |
| _____/ | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, POSTEL INDUSTRIES, INC. ("Plaintiff" or "Postel") files this its Plaintiff's First Amended Complaint complaining of Defendants, ABRAMS GROUP CONSTRUCTION, L.L.C. ("Abrams Group"), ROGERS, LOVELOCK & FRITZ, INC. ("RLF"), ELLERBE BECKET, INC. ("Ellerbe"), RLF/ELLERBE BECKET JOINT VENTURE ("RLF/Ellerbe Becket Joint Venture") and PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP, INC. ("Parsons") (collectively referred to as "Defendants" or individually as "Defendant") in the above entitled and numbered and for cause of action would respectfully show the Court as follows:

**I.
PARTIES**

1.     Plaintiff, POSTEL INDUSTRIES, INC., is a for-profit corporation organized under the laws of the State of Texas.

2.      Defendant, ABRAMS GROUP CONSTRUCTION, L.L.C., is a Florida limited liability company with its principal place of business located in Santa Rosa County, Florida. Abrams Group has appeared and answered in this lawsuit.

3.      Defendant, ROGERS, LOVELOCK & FRITZ, INC., is a Florida corporation with its principal place of business located in Orange County, Florida. Service may be obtained by serving Defendant, ROGERS, LOVELOCK & FRITZ, INC.'S Registered Agent, Steven M. Hingtgen, at 145 Lincoln Avenue, Winter Park, Florida 32789.

4.      Defendant, ELLERBE BECKET, INC., is a Delaware corporation registered to conduct business in the State of Florida.  Service may be obtained by serving Defendant, ELLERBE BECKET, INC.'S Registered Agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

5.      Defendant, RLF/ELLERBE BECKET JOINT VENTURE, is believed to be a Florida Joint Venture with its principal place of business located in Orange County, Florida. Service may be obtained by serving Defendant, RLF/ELLERBE BECKET JOINT VENTURE's Registered Agent, Steven M. Hingtgen, at 145 Lincoln Avenue, Winter Park, Florida 32789.

6.      Defendant, PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP, INC., is a Nevada corporation  registered to conduct business in the State of Florida.  Service may be obtained by serving Defendant, PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP, INC.'s Registered Agent, CT Corporation System, at 1200 S. Pine Island Road, Plantation, Florida 33324.

7.      The following non-parties will be affected by the outcome of this case: the United States Department of Veterans Affairs, as owner; Brasfield and Gorrie, L.L.C., as general contractor; Travelers Casualty and Surety Company of America ("Travelers"), as surety; and Chub Surety, as surety.

## II.
## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §§ 1331, 1332, 2201, 2202, the Miller Act, 40 U.S.C. § 3131, *et. seq.*, and Federal Rule of Civil Procedure 57.

9.     Venue is proper in this district pursuant to 40 U.S.C. § 3133(b)(3)(B) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III.
## FACTUAL BACKGROUND

10.     Based on information and belief, the United States Department of Veteran Affairs ("VA") contracted with Parsons to manage, administer and oversee the construction of a new veterans facility commonly known as Hospital, Clinic and Atrium, Package 4 VA Medical Center, 13800 Veterans Way, Orlando, Florida 32827 ("Project").

11.     Based on information and belief, the VA's contract with Parsons also required Parsons to recommend architects and engineers to the VA for the design and engineer the plans and specifications related to the Project and also approve such plans and specifications.

12.     Based on information and belief, upon the recommendation of Parsons, the VA contracted with RLF, Ellerbe and RLF/Ellerbe Beckett Joint Venture to design the Project and create the plans and specifications for the construction of the Project to be used by contractors to bid and construct the Project.

13.     Based on information and belief, RLF, Ellerbe and RLF/Ellerbe Beckett Joint Venture and Parsons designed the Project and supplied the plans and specifications for the Project and knew their plans and specifications would be used by others to bid on the Project and also to ultimately construct the Project.  As such, RLF, Ellerbe and RLF/Ellerbe Beckett Joint Venture and Parsons could foresee injury to the successful bidders.

3

14.     Based on information and belief, the VA also contracted with Parsons to render advice, assist in the design and engineering plans and specifications for the Project, administer the Project and review and approve change orders resulting from the defective plans and specifications.

15.     The VA contracted with Brasfield & Gorrie, L.L.C. ("Brasfield") to serve as the general contractor to construct the Project.

16.     Postel used the plans and specifications provided by RLF, Ellerbe, RLF/Ellerbe Becket Joint Venture and approved by Parsons to bid the Project.

17.     Based upon the aforementioned bid, Brasfield contracted with Postel for purposes of providing fabricated steel and erection of steel related to the Project.

18.     Postel relied upon the plans and specifications delivered by RLF, Ellerbe, RLF/Ellerbe Becket Joint Venture and approved by Parsons.

19.     The plans and specifications made by RLF, Ellerbe, RLF/Ellerbe Becket Joint Venture and approved by Parsons for the Project were replete with mistakes, omissions, faulty calculations and other errors.

20.     Postel submitted change orders to Brasfield which were denied by Parsons, RLF, Ellerbe, RLF/Ellerbe Becket Joint Venture and the VA.  Such denials are believed to have been based on the faulty recommendations of RLF, Ellerbe, RLF/Ellerbe Becket Joint Venture and/or Parsons.

21.     As a result of the aforementioned and the magnitude of the deficiencies, errors and omissions of the design, plans and specifications referenced above, Postel was unsuccessful in its proposal to Brasfield for the new scope of work necessary to complete the Project.

22.     Postel's reliance on the faulty design, plans and specifications coupled with RLF, Ellerbe, RLF/Ellerbe Becket Joint Venture and Parsons' refusal to approve change orders resulted in economic loss to Postel of $10,031,102.

23.     Further, Postel contracted with Mosley Building Systems, Inc. ("Mosley") to supply and install certain steel related to the Project.

24.     Based on information and belief, Abrams Group entered into a contract with Mosely wherein Abrams Group was to provide labor and materials for the Project. As such, Abrams Group is commonly known as a third-tier subcontractor. Abrams Group has now sued Postel as a result of the VA's failure to approve and fund change orders resulting from faulty design, plans and specifications produced by RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Parsons.

25.     Abrams Group has now made a false claim under Florida Statute § 255.05. Fla. Stat. § 255.05 applies to state and local government projects. The Project is a federal building. As such, Abrams Group's rights, if any, are governed by the Miller Act pursuant to 40 U.S.C. § 3131, *et seq.* Under the Miller Act, a third-tier subcontractor is not afforded right to make a demand under the Project's payment bond. Abrams Group's false claim is interfering with Postel's contract with Brasfield, the general contractor for the Project.

26.     Postel has suffered economic losses from defects, errors, omissions and lack of specificity in the design and specification documents supplied by RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Abrams Group.

# IV.
## CAUSES OF ACTION

*a. Causes of Action Against RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Parsons*

*(i). Count 1 - Professional Negligence*

27.     The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length.

28.     Postel will show the Court, RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Parsons failed to provide adequate plans and specifications for use on the Project. As such, RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Parsons have failed in their professional duty to supply adequate plans and specifications for the use of the subcontractors related to the bidding and construction of the Project. As a result, Postel has been damaged in an amount equal to $10,031,102.

29.     In addition to the foregoing, to the extent Postel is found to be liable to Abrams Group, RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Parsons are liable to Postel for all of Abrams Group's claims against Postel for their failure to supply adequate design plans and specifications for the Project.

*(ii). Count 2 - Negligent Misrepresentation*

30.     The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length.

31.     In addition to the foregoing, or in the alternative, Postel will show the Court, RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Parsons made numerous negligent misrepresentations and such negligent misrepresentations proximately caused damages to Postel. In this regard, Postel will demonstrate that RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Parsons made inaccurate representations in the course of the bid package, bid process, design,

specifications, construction of the Project, processing of requests for information and processing Postel's change orders. The aforementioned representations supplied false information for the guidance of Postel. RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Parsons did not exercise reasonable care in obtaining, communicating and/or disseminating such information to Postel and such negligence was the proximate cause of the damages incurred by Postel related to this Project.

### b. Causes of Action Against Abrams Group

#### (i). Count 1 - Declaratory Judgment

32.     The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length. Postel is seeking this Court to declare the Project is a federal project and as such, it is governed by the Miller Act. Postel is also seeking this Court to declare that Abrams Group's demand for payment under the Project's payment bond is therefore void.

33.     Declaratory relief is necessary so that both the owner, the VA, Brasfield, Travelers and Chub Surety, can release payment to Postel in accordance with their contract documents.

#### (ii). Count 2 - False Claim

34.     The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length. Abrams Group has now filed a fraudulent claim seeking payment from Brasfield's Miller Act bond in the amount of ONE HUNDRED TWO THOUSAND SEVEN HUNDRED FIFTY NINE AND 25/100 DOLLARS ($102,759.25). Abrams Group knows that these allegations are false and contrary to the law. Nevertheless, Abrams Group has deliberately made this false claim in the hopes of green mailing Postel into settlement.

Accordingly, Postel seeks declaratory relief declaring the Abrams Group claim for payment under the Project's bond posted by Brasfield to be false.

### *(iii). Count 3 - Tortious Interference*

35.     The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length. There is no question that Abrams Group knew of the contractual relationship between Postel and Mosely, also knew of the contractual relationship between Postel and Brasfield and also knew of the contractual relationship between Brasfield and the United States Department of Veterans Affairs. There is no question that Abrams Group's false claim for payment under Brasfield's bond is a deliberate attempt to interfere with Postel's contract with Brasfield. Abrams Group's allegations have no basis in fact or in law. There is no question that Abrams Group's action has caused Postel to be in violation of its contract with Brasfield and has caused Postel to lose its goodwill with Brasfield. There is no question that Abrams Group's act has and will continue to cause, irreputable damage to Postel. Abrams Group purposely made the false claim against the payment bond that has interfered with the relationship between Postel and Brasfield and as such Abrams Group is liable to Postel for the damages created therein.

### *(iv). Count 4 - Negligent Misrepresentation*

36.     The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length. In addition to the foregoing, or in the alternative, Postel will show the Court, Abrams Group made numerous negligent misrepresentations to Postel, Brasfield and Brasfield's surety, and such negligent misrepresentations proximately caused damages to Postel. In this regard, Postel will demonstrate that Abrams Group made inaccurate representations in the course of the parties' business relationship; such representations supplied false information for the guidance of Postel, Brasfield and Brasfield's surety; Abrams Group did not exercise

reasonable care in obtaining, communicating and/or disseminating such information to Postel; and such negligence was the proximate cause of damages to Postel.

### (v). Count 5 - Fraud

37.    The factual allegations set forth above are incorporated herein for all purposes as if fully set forth at length.  Abrams Group made false representations to Brasfield's surety concerning the false claim for payment from the bond.  Abrams Group's representations were made with knowledge of their falsity, or alternatively, such representations were made recklessly, and without knowledge of their truth, yet as positive assertions. Abrams Group's representations were made with the intention that they would be acted upon by Postel's customer, Brasfield and its surety, and in fact Brasfield has acted upon such representations as evidenced by the fact that it is now withholding over one hundred thousand dollars from Postel. As more specifically explained above, Abrams Group's fraud has caused substantial damages to Postel, as well as the potential for future damages.

### (vi). Count 6 - Attorney's Fees

38.    Postel retained the services of an attorney to prosecute its claim.  Recovery of reasonable and necessary attorney's fees are allowable for filing a false bond claim under the Miller Act.  It is estimated that reasonable and necessary attorney's fees through trial and collection of judgment shall be at least the sum of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00); for prosecuting and defending an appeal to the Court of Appeals shall be at least the sum of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00); and for prosecuting Abrams Group in appeal to the United States Supreme Court shall be at least in the sum of THIRTY FIVE THOUSAND AND NO/100 DOLLARS ($35,000.00).

## V.
## CONDITIONS PRECEDENT

39.     Postel specifically pleads that all conditions precedent have occurred or have been performed in order for Postel to maintain this lawsuit.

## VI.
## PRAYER

WHEREFORE, Plaintiff, POSTEL INDUSTRIES, INC., respectfully urges this Court to cite Defendants, ABRAMS GROUP CONSTRUCTION, L.L.C., ROGERS, LOVELOCK & FRITZ, INC., ELLERBE BECKET, INC., RLF/ELLERBE BECKET JOINT VENTURE and PARSONS INFRASTRUCTURE AND TECHNOLOGY GROUP A/K/A PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP, INC. to appear and answer herein, and upon a final trial, the Court grant judgment of and against the Defendants, as follows:

(a)     Actual damages against Defendants RLF, Ellerbe, RLF/Ellerbe Beckett Joint Venture and Parsons for TEN MILLION THIRTY ONE THOUSAND ONE HUNDRED TWO AND NO/100 DOLLARS ($10,031,102.00) jointly and severally;

(b)     Actual damages for interfering with Postel's contract of over ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($100,000.00) against Abrams Group;

(c)     Order releasing the false bond claim filed by Abrams Group;

(d)     Attorneys' fees incurred by Plaintiff in this lawsuit in the amount of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00), FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00) for an appeal to the Court of Appeals and THIRTY FIVE THOUSAND AND NO/100 DOLLARS ($35,000.00) for an appeal to the United States Supreme Court shared equally among the Defendants;

(e)     Pre-judgment and post-judgment interest;

(f)     Costs of Court; and

(g)     For such other and further relief, both general and special, at law or in equity, to which Postel may show itself to be justly entitled.

Respectfully submitted,

**BRYANT MILLER OLIVE, P.A.**

/s/Clayton D. Simmons
_____
CLAYTON D. SIMMONS
ATTORNEY-IN-CHARGE
Florida State Bar ID No. 319325
135 West Central Boulevard, Suite 700
Orlando, Florida 32801-2437
Phone: (407) 426-7001
Fax:    (407) 426-7262

**ATTORNEY FOR PLAINTIFF,
POSTEL INDUSTRIES, INC.**

**OF COUNSEL:**

**Bryant Miller Olive**
135 West Central Boulevard, Suite 700
Orlando, Florida 32801-2437
Phone: (407) 426-7001
Fax:    (407) 426-7262

STEVE M. WILLIARD
Texas State Bar No. 00788684
The Williard Law Firm, L.P.
1920 N. Memorial Way, Suite 207
Houston, Texas  77007
Phone: (713) 529-6300
Fax:    (713) 529-6315

Dated November 17, 2011.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 17, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

I further certify that I mailed via Regular U.S. Mail the foregoing to the following non-CM/ECF participants, namely Mosley Building Systems, Inc., 7245 Arden Road, Chunchula, Alabama 36521.

/s/ Clayton D. Simmons
Attorney for Plaintiff