UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**POSTEL INDUSTRIES, INC.,**

      **Plaintiff,**

v.                                           **Case No: 6:11-cv-1179-Orl-28DAB**

**ABRAMS GROUP CONSTRUCTION, L.L.C., RLF/ELLERBE BECKET JOINT VENTURE, PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP, INC., ROGERS, LOVELOCK & FRITZ, INC. and ELLERBE BECKET, INC.,**

      **Defendants,**
_____

**ABRAMS GROUP CONSTRUCTION, L.L.C.,**

      **Third-Party Plaintiff,**

v.

**MOSLEY BUILDING SYSTEMS, INC.,**

      **Third-Party Defendant.**
_____/

## ORDER

Plaintiff, Postel Industries, Inc. ("Postel"), has filed a First Amended Complaint (Doc. 37) asserting claims of professional negligence (Count I) and negligent misrepresentation (Count II) against Rogers, Lovelock & Fritz, Inc. ("RLF"), Ellerbe Becket, Inc. ("Ellerbe"), RLF/Ellerbe Becket Joint Venture ("the Joint Venture"), and Parsons Infrastructure & Technology Group, Inc. ("Parsons") (collectively "the

Defendants"). The Defendants have filed various motions[1] seeking to have Counts I and II dismissed, stricken in part, or clarified with a more definite statement.[2] For the reasons stated below, Counts I and II against RLF, Ellerbe, the Joint Venture, and Parsons are **DISMISSED** without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[3] Postel will be granted leave to amend these counts.

## I.  Legal Standard for Motions to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must

---

[1] The relevant filings before the Court are Parsons's Motion for a More Definite Statement as to Counts 1 and 2 and to Dismiss Claim for Indemnity (Doc. 53) and Postel's Response thereto (Doc. 59); RLF's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. 60) and Postel's Response thereto (Doc. 67); Ellerbe's Motion to Strike Portions of Plaintiff's Complaint and for a More Definite Statement (Doc. 76) and Postel's Response thereto (Doc. 83); Parsons's Notice of Joinder in Defendant Ellerbe Becket, Inc.'s Motion to Strike Portions of Plaintiff's Complaint and for a More Definite Statement (Doc. 95) and Postel's Response thereto (Doc. 96); and the Joint Venture's Motion to Dismiss Postel's First Amended Complaint or in the Alternative, Motion for More Definite Statement (Doc. 79) and Postel's Response thereto (Doc. 84).

[2] RLF, the Joint Venture, and Parsons each note that Postel's claim for professional negligence (Count I) includes language that may also suggest an attempt to state a claim for indemnity, and they argue that the Court should dismiss any attempted claim for indemnity.  The relevant portion of Postel's Complaint states that "to the extent Postel is found to be liable to Abrams Group, RLF, Ellerbe, [the Joint Venture], and Parsons are liable to Postel for all of Abrams Group's claims against Postel for their failure to supply adequate design plans."  (Doc. 37 ¶ 29).  However, Postel has clarified in its responses that "paragraph 29 . . . merely attempts to articulate further damages that Postel will suffer as a result of [Defendants'] acts or failure to act,"  (Docs. 59 ¶ 3, 67 ¶ 7, 84 ¶ 7), and the Court does not otherwise read Postel's Complaint as attempting to state a separate claim for indemnity.

[3] While only RLF and the Joint Venture have moved to dismiss Postel's claims of professional negligence and negligent misrepresentation in their entirety, Postel's allegations supporting those claims are virtually the same as against all Defendants.  Because the reasons stated herein for dismissing those claims apply equally to all Defendants, the Court finds that Postel's claims of professional negligence and negligent misrepresentation should be dismissed against Parsons and Ellerbe as well.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## II. Background[4]

This case involves a dispute over the construction of a new medical facility for veterans ("the Project"). The United States Department of Veteran Affairs ("VA") contracted with Parsons to administer the Project, and upon Parsons's recommendation, the VA hired RLF, Ellerbe, and the Joint Venture to design the Project. (Doc. 37 ¶¶ 10, 12). Parsons, RLF, Ellerbe, and the Joint Venture together "designed the Project and supplied the plans and specifications for the Project," knowing that "their plans and specifications would be used by others to bid on the Project and also to ultimately construct [it]." (Id. ¶ 13). The VA also hired a general contractor, Brasfield & Gorrie, LLC ("Brasfield"), to construct the Project. (Id. ¶ 15). Brasfield, in turn, contracted with Postel to provide "fabricated steel and erection of steel related to the Project." (Id. ¶ 17).

Postel claims that "the plans and specifications made by [the Defendants] were replete with mistakes, omissions, faulty calculations and other errors," (id. ¶ 19), and that the Defendants made "faulty recommendations" that caused Postel's change orders to be denied,[5] (id. ¶ 20). Postel allegedly suffered $10,031,102 in economic losses due to its "reliance on the faulty design, plans and specifications coupled with RLF, Ellerbe, [the Joint Venture] and Parsons' refusal to approve change orders." (Id. ¶ 22).

---

[4] These allegations are taken from Postel's First Amended Complaint (Doc. 37) and are accepted as true for the purpose of ruling on the motions to dismiss.

[5] It is unclear from Postel's allegations exactly who is alleged to have denied Postel's change orders on the basis of the Defendants' faulty recommendations. Postel states that it "submitted change orders to Brasfield which were denied by Parsons, RLF, Ellerbe, [the Joint Venture], and the VA," but Postel also states that "[s]uch denials are believed to have been based on the faulty recommendations of RLF, Ellerbe, [the Joint Venture], and/or Parsons," (Doc. 37 ¶ 20), and that "Postel was unsuccessful in its proposal to Brasfield for the new scope of work necessary to complete the Project," (id. ¶ 21).

Additionally, Postel claims that the Defendants "made numerous negligent misrepresentations and such negligent misrepresentations proximately caused [it] damages." (Id. ¶ 31).

### III. Discussion

**A. RLF's and the Joint Venture's Motions to Dismiss**

**a. Professional Negligence**

Florida courts recognize "a common law cause of action against professionals based on their acts of negligence despite the lack of a direct contract between the professional and the aggrieved party." Moransais v. Heathman, 744 So. 2d 973, 984 (Fla. 1999); see also Hewett-Kier Constr., Inc. v. Lemuel Ramos & Assocs., 775 So. 2d 373 (Fla. 4th DCA 2000) (reversing dismissal of a contractor's negligence claim against architects who prepared allegedly faulty design documents). The elements of professional negligence under Florida law are: "(1) existence of a legal duty, (2) breach of the duty, (3) proximate causation, and (4) actual loss." NCM of Collier County, Inc. v. Durkin Group, L.L.C., No. 2:11-cv-558, 2012 WL 2389756, at *2 (M.D. Fla. June 25, 2012) (citing Curd v. Mosaic Fertilizer, L.L.C., 39 So. 3d 1216, 1227 (Fla. 2010)).

Postel claims that the Defendants "failed in their professional duty to supply adequate plans and specifications [for use on] the Project." (Doc. 37 ¶ 28). However, the First Amended Complaint offers only threadbare factual allegations to suggest how Defendants breached this duty. Postel alleges merely that the plans and specifications "were replete with mistakes, omissions, faulty calculations and other errors," (id. ¶ 19), and that the Defendants' "faulty recommendations" caused Postel's change orders to be denied, (id. ¶ 20). Such bare assertions, without more, do not suffice to survive a motion to dismiss. See Iqbal, 556 U.S. 662.

**b. Negligent Misrepresentation**

Under Florida law, a plaintiff may establish negligent misrepresentation by proving "(1) [a] misrepresentation of a material fact; (2) the representor . . . ma[d]e the representation without knowledge as to its truth or falsity, or . . . under circumstances in which he ought to have known of its falsity; (3) the representor . . . intend[ed] that the misrepresentation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation." Souran v. Travelers Ins. Co., 982 F.2d 1497, 1503 (11th Cir. 1993) (quoting Hoon v. Pate Constr. Co., 607 So. 2d 423, 427 (Fla. 4th DCA 1992) (per curium)).

Additionally, in Florida, actions for negligent misrepresentation sound in fraud rather than negligence. See Morgan v. W.R. Grace & Co., 779 So. 2d 503, 506 (Fla. 2d DCA 2000) ("[The] requirement that fraud be pleaded with specificity also applies to claims for negligent misrepresentation."); Ostreyko v. B.C. Morton Org., 310 So. 2d 316, 318 (Fla. 3d DCA 1975) (explaining that "negligent misrepresentation is considered tantamount to actionable fraud"); see also Souran, 982 F.2d at 1511  (Cox, J., dissenting) ("Historically, in Florida an action for negligent misrepresentation sounds in fraud rather than negligence."). "[B]ecause actions for negligent misrepresentation in Florida sound in fraud rather than negligence, the pleading requirements contained in Federal Rule of Civil Procedure 9(b) apply to such actions." Recreational Design & Constr., Inc. v. Wiss, Janney, Elster & Assocs., 820 F. Supp. 2d 1293, 1303 (S.D. Fla. 2011); see also  Linville v. Ginn Real Estate Co., 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010) (Rule 9(b) applies to claims for negligent misrepresentation brought under Florida law).

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud must satisfy a heightened pleading standard. Such allegations must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). This rule serves an important function "by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 1997) (internal quotation and citations omitted). Rule 9(b) is satisfied if a plaintiff sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Id.

Postel's claim for negligent misrepresentation, however, does not contain sufficient factual matter to state a claim for relief under Rule 8(a)(2), let alone to satisfy the heightened pleading standard required under Rule 9(b). Postel asserts that the Defendants "made inaccurate representations" and "supplied false information" during various general stages of the Project and that the Defendants "did not exercise reasonable care in obtaining, communicating and/or disseminating such information to Postel." (Doc. 37 ¶ 31). But, without further facts concerning the nature of these alleged misrepresentations, Postel's claim amounts to a bare "'recitation of the elements of a cause of action,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), and therefore must be dismissed.

### IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. RLF's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. 60) is **GRANTED** in part and **DENIED** in part.  The motion is **GRANTED** with respect to dismissing Postel's claims of professional negligence and negligent misrepresentation and is **DENIED** as moot in all other respects.

2. The Joint Venture's Motion to Dismiss Postel's First Amended Complaint or in the Alternative, Motion for More Definite Statement (Doc. 79) is **GRANTED** in part and **DENIED** in part.  The motion is **GRANTED** with respect to dismissing Postel's claims of professional negligence and negligent misrepresentation and is **DENIED** as moot in all other respects.

3. Count I (professional negligence) and Count II (negligent misrepresentation) of Postel's First Amended Complaint (Doc. 37) are **DISMISSED** without prejudice against RLF, Ellerbe, the Joint Venture, and Parsons.  Postel may file a Second Amended Complaint **on or before Wednesday, October 10th, 2012**.

4. Parsons's Motion for a More Definite Statement as to Counts 1 and 2 and to Dismiss Claim for Indemnity (Doc. 53) and Ellerbe's Motion to Strike Portions of Plaintiff's Complaint and for a More Definite Statement (Doc. 76) are **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on September 19, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record